# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 19, 2023

Lyle W. Cayce
Clerk

No. 22-10729

_____

Priscilla A. Ellis,

*Plaintiff—Appellant*,

*versus*

United States of America; Michael Caravajal, *Federal Bureau of Prisons Director*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CV-992

_____

Before Elrod, Graves, and Ho, *Circuit Judges.*

Per Curiam:[*]

Priscilla A. Ellis, federal prisoner # 03260-180, moves to proceed in forma pauperis (IFP) on appeal following the district court's denial of her Federal Rule of Civil Procedure 60(b) motion and her motion to reconsider the denial of the Rule 60(b) motion. These motions were filed following the dismissal of her civil rights action for failure to timely comply with the district court's order to file an amended complaint using the court's prisoner civil

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

rights form. *See* FED. R. CIV. P. 41(b). Ellis's IFP motion challenges the district court's determination that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

In her appellate filings, Ellis largely discusses the merits of her constitutional claims and mentions that she did not file an amended complaint because she did not receive the order requiring her to do so. However, even assuming her allegation to be true, Ellis had ample opportunity to seek to comply with the district court's order when she learned of it shortly after the court imposed deadline. However, she did not seek to comply then or in the ensuing 10 months leading to this appeal. Ellis does not make the requisite showing that she has a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 220. Accordingly, her motion to proceed IFP is DENIED, and her appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Ellis is WARNED that if she accumulates three strikes, she will not be permitted to proceed IFP in any civil action or appeal filed while incarcerated or detained in any facility unless she is under imminent danger of serious physical injury. *See* § 1915(g).